CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 1 2012 for Roanoke
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY DONNELL USRY,<br>Petitioner, | Civil Action No. 7:12-cv-00090 |
| v. | MEMORANDUM OPINION |
| HAROLD W. CLARKE,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Gregory Donnell Usry, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and petitioner responded and also filed a motion to amend his response, making the matter ripe for disposition. After reviewing the record, I grant the motion to amend and dismiss the petition as time barred.

I.

The Circuit Court of the City of Lynchburg sentenced petitioner on February 13, 2009, to an active term of seven years and six months' incarceration for possessing a Schedule II controlled substance. Petitioner appealed to the Court of Appeals of Virginia and to the Supreme Court of Virginia, which refused the appeal on March 19, 2010. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

On January 4, 2011, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which dismissed the petition on June 21, 2011. Petitioner filed the instant federal habeas petition no earlier than February 21, 2012. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on June 17, 2010, when the time expired for petitioner to file a petition for a writ of certiorari with the Supreme Court of the United States. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of judgment being appealed). Petitioner filed his state habeas petition on January 4, 2011, 200 days after his conviction became final.

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

The statute of limitations was tolled for 168 days between January 4 and June 21, 2011, during the pendency of petitioner's properly-filed state habeas petition. Another 244 days passed between June 22, 2011, when the Supreme Court of Virginia dismissed the state habeas petition, and February 21, 2012, when petitioner filed the federal habeas petition. Even after tolling the 168 days petitioner's properly-filed application for collateral review was pending, petitioner filed the instant habeas petition more than 440 days after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstance in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, petitioner filed his federal habeas petition beyond the one-year limitations period, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

3

## III.

For the foregoing reasons, I grant petitioner's motion to amend,[3] grant respondent's motion to dismiss, deny petitioner's motion to grant,[4] and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 1st day of November, 2012.

Senior United States District Judge

---

[3] The motion to amend seeks to include two paragraphs of citations and arguments in petitioner's response to respondent's motion to dismiss. See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting a court should freely give leave to amend when justice so requires).

[4] Petitioner's motion to grant asks me to grant the petition for a writ of habeas corpus.

4